FILED
United States Court of Appeals
Tenth Circuit

November 3, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCOS ANTONIO AVALOS-
CHAVEZ,

    Defendant - Appellant.

No. 15-4111
(D.C. No. 2:12-CR-00642-DAK-2)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

---

After his conviction for federal drug charges, the district court turned to the question of an appropriate sentence for Mr. Avalos-Chavez. It began by calculating the advisory guidelines range. In doing so, the court took into account — and gave Mr. Avalos-Chavez the benefit of — an anticipated amendment to the guidelines that was not yet technically effective. The resulting advisory

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

guidelines suggested a sentence of between 70 and 87 months. But the district court thought this much too much and ultimately imposed a 48-month sentence. Now the amendment is effective and Mr. Avalos-Chavez seeks to reopen his sentencing hearing. The district court refused this request, emphasizing that it had already given him everything the amendment might. Even so, Mr. Avalos-Chavez appeals.

We see no grounds for reversal. Mr. Avalos-Chavez is of course correct that 18 U.S.C. § 3582(c)(2) empowers a district court to modify a defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." And Mr. Avalos-Chavez is also right that his advisory sentencing range has now been lowered by the Commission. But he fails to account for the fact that § 3582(c)(2) also states that a district court may reduce a defendant's sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." And the relevant policy statement here, U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A)-(B), expressly provides (with one exception not relevant here) that a court "shall not" reduce a defendant's sentence below the amended advisory guidelines range. Because the district court anticipated the amended advisory guidelines range at his original sentencing hearing, because that range suggested a sentence of at least 70 months, and because Mr. Avalos-Chavez received a

sentence well below that, the district court properly recognized that he was entitled to no further relief.

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge